UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL STEELE,<br><br>   Plaintiff,<br><br>     v.<br><br>S. MICHAH SALB, Esquire,<br><br>and<br><br>LIPPMAN, SEMESKER & SALB, LLC,<br><br>   Defendants. | Civil Action No. 09-2400 (CKK) |

MEMORANDUM OPINION
(January 29, 2010)

The above-captioned civil action was removed to this Court from the Superior Court for the District of Columbia by Defendants on December 18, 2009. As set forth in the Notice of Removal, Defendants assert that this Court has federal question jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[1] According to Defendants, although Plaintiff's Complaint asserts only state law claims — namely, legal negligence and breach of contract — this Court nonetheless has federal question jurisdiction over Plaintiff's Complaint because the claims and allegations asserted therein stem from the Defendants' representation of Plaintiff in a federal action for Title VII employment discrimination. Specifically, Defendants contend that resolution of Plaintiff's claims for legal negligence and breach of contract are "premised on the interpretation and application of federal

---

[1] Defendants do not assert that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists.

law, Title VII," and as such, "a substantial question of Federal law is a necessary element of Plaintiff's claim." Defendants also assert that defense of the allegations of Plaintiff's claim will require resolution of a federal question. Defendants therefore contend that removal of this case pursuant to 28 U.S.C. § 1441(c) is proper.

This Court issued an [4] Order to Show Cause on January 4, 2010, finding that it was "far from clear on the current record" that the Court had subject matter jurisdiction over the instant action. Defendants were therefore ordered to show cause why this case should not be remanded back to the Superior Court for the District of Columbia for lack of subject matter jurisdiction. As required, Defendants timely filed a [7] Response to the Order to Show Cause. Upon consideration of that Response and the positions set forth therein, the applicable case law and statutory authority, as well as the record of this case as a whole, the Court concludes that it lacks subject matter jurisdiction over the instant action. Consequently, the above-captioned action shall be remanded back to the Superior Court for the District of Columbia.

## LEGAL STANDARD AND DISCUSSION

The D.C. Circuit has explained that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c) (emphasis added)). Because removal implicates significant federalism concerns, a court must "strictly construe[] the scope of its removal jurisdiction." *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). "'[I]f federal jurisdiction is doubtful, a remand to state court is necessary.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-

16 (4th Cir. 2004) (en banc)); *see also Johnson-Brown v. 2200 M. St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand."). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Downey*, 568 F. Supp. 2d at 30; *see also Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 297 (D.D.C. 2005). If the party "cannot meet this burden, the court must remand the case." *Johnson-Brown,* 257 F. Supp. 2d at 177.

As indicated above, Defendants claim that this Court has subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), such that removal is proper under 28 U.S.C. § 1441(c). The Court does not agree. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, __ U.S. __, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Id.* Accordingly, federal question jurisdiction is generally "invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In a limited number of cases, however, federal question jurisdiction may be found "over state-law claims that implicate significant federal issues." *Id.* Nonetheless, the Supreme Court has made clear that "even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound

division of labor between state and federal courts governing the application of § 1331." *Id.* at 313-14.

Based on this legal framework, "[m]any federal courts have held that . . . breach of contract or attorney malpractice claims properly belong in state court, even where the underlying case involved claims arising under federal law." *Walker v. Dwoskin*, Civ. No. 3:09cv4, 2009 WL 366387, * 2 (W.D. Va. Feb. 12, 2009) (remanding malpractice action based on underlying Title VII claim for lack of subject matter jurisdiction); *see also Warrior Sports, Inc. v. Dickinson Wright, PLLC,* __ F. Supp. 2d __, Civ. Act. No. 09cv12102, 2009 WL 3492018, * 4 (E.D. Mich. Oct. 30, 2009) (finding that "Plaintiff's legal malpractice claim stemming from representation in a prior federal suit does not raise substantial questions of federal law"); *Higbee v. Malleris*, 470 F. Supp. 2d 845, 851 (N.D. Ill. 2007) ("There is, simply put, a plethora of putative attorney and/or professional malpractice cases concerning underlying federal litigation, in which cases have been remanded to state court for adjudication or dismissed for lack of federal subject matter jurisdiction.") (compiling cases) (remanding malpractice action based on representation in underlying Title VII action for lack of subject matter jurisdiction).  The Court is persuaded by the logic of these decisions that federal subject matter jurisdiction does not lie over Plaintiff's state law claims for breach of contract and legal negligence.  The fact that Plaintiff's lawsuit is based on alleged errors made by Defendants while representing Plaintiff in a federal Title VII action is not sufficient to create federal question jurisdiction in this case.

Defendants' assertions to the contrary are without merit.  Relying on a single case from the Federal Circuit, which of course is not binding on this Court, Defendants argue that removal is appropriate in this instance.  *See* Defs.' [7] Response at 4.  Specifically, Defendants cite to *Air*

*Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007), in which the United States Court of Appeals for the Federal Circuit upheld removal of a legal malpractice claim based on alleged errors by counsel during a patent prosecution action. The Court finds that Defendants' reliance is misplaced.  Given the uniquely federal nature of federal patent law cases — over which federal district courts have exclusive jurisdiction, *see* 28 U.S.C. § 1338(a) — federal courts have been more inclined to find that legal malpractice claims based on underlying patent actions raise a substantial question of federal question.  *See Walker*, 2009 WL 366387, * 2 ("Because of the strong policy considerations weighing in favor of uniform interpretation of the federal patent laws, courts are more willing to hold that state law claims involving the resolution of federal patent law issues give rise to federal question jurisdiction."). This willingness to find federal question jurisdiction over a legal malpractice action involving federal patent law does not, therefore, support finding that federal question jurisdiction lies over legal malpractice actions, like this one, that are based on garden variety federal law.  *Warrior Sports*, 2009 WL 3492018, * 2 (observing that "several courts have declined to reach underlying federal law issues for purposes of exercising federal question jurisdiction in legal malpractice actions outside the patent law context"); *cf. Hughley v. Weinstock, Friedman & Friedman, PA*, Civ. Act. No. 06-88, 2006 WL 2244575, * 4 (D.D.C. Aug. 4, 2006) (remanding legal malpractice claim based on Title VII action for lack of subject matter jurisdiction and observing that "the District of Columbia courts regularly adjudicate Title VII claims") (compiling cases). Accordingly, because Defendants have not met their burden of proving that this Court has federal question jurisdiction over Plaintiff's legal negligence and breach of contract claims, the Court shall remand this case to the Superior Court for the District of Columbia.  *See Nat'l Org. for*

*Women v. Mut. of Omaha Ins. Co.,* 612 F. Supp. 100, 109 (D.D.C. 1985) ("The court concludes that the defendant has not met its burden upon removal of demonstrating that this court can exercise jurisdiction over this action; therefore this case must be remanded. . . .").

## CONCLUSION

For the reasons set forth above, the Court shall REMAND this case to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c).  An appropriate Order accompanies this Memorandum Opinion.

Date: January 29, 2010

                                           /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge